■ In the Matter of the Claim of ANNA E. ESPERSON, Respondent, v. GOWANDA STATE HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from an award of disability compensation based upon a finding of occupational disease, i.e., tuberculosis. There is substantial evidence that claimant sustained an occupational disease arising out of and in the course of her employment with causally related disability. The real contention of appellants is that the disease was not contracted within 12 months previous to the date of disablement, and that therefore the award is barred by section 40 of the Workmen's Compensation Law. While the board agrees that more than 12 months elapsed between contraction and the date which it fixed as the date of disablement, it has held that the employer has waived the provisions of section 40, or is estopped from asserting them, because it knew or should have known from early X rays that claimant had contracted the disease and failed to advise her thereof. Claimant had worked for the employer off and on for about eight years, having resigned on several occasions for personal reasons, unrelated to the disease, and after a substantial interval was re-employed. She was therefore not in the continuous employ of the employer. Her last employment began on October 15, 1954, and ended on October 20, 1954, upon the discovery from X rays that she was suffering from tuberculosis. The board has fixed the last day of her employment, October 20, 1954, as the date of disablement. Upon viewing the very plain evidence of disease in the last X rays, the routine X rays taken in 1950 and 1951 were re-examined, and it was determined in retrospect that they too showed the presence of tuberculosis, although the spots were somewhat obscured by shadows of the sternum and ribs. It thus became apparent that claimant had contracted the disease well over 12 months prior to October 20, 1954, although both she and the employer were unaware of it. Unlike provisions relating to claim filing, waiver and estoppel have no application to the provisions of section 40. The provisions of that section are an absolute legislative jurisdictional prerequisite to compensation for an occupational disease, and may not be waived or ignored. (*Matter of Cerame* v. *Midland Rochester Co.*, 276 App. Div. 243.) The award upon the present findings must therefore be reversed. Proper evidence may or may not show that actually the date of disablement was earlier than that fixed by the board. While ordinarily the date of disablement coincides with the cessation of work or inability to earn full wages, such is not the case under any and all circumstances.

Section 37 of the Workmen's Compensation Law is not that rigid. (*Matter of Cole* v. *Saranac Lake Gen. Hosp.*, 282 App. Div. 626.) Award reversed, with costs to appellants against the Workmen's Compensation Board, and the matter remitted to the board.